IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

AMY FREDERICK,

           Plaintiff,

    v.

FRANK BISIGNANO, Commissioner of the
Social Security Administration,

           Defendant.

**8:23CV518**

**MEMORANDUM
AND ORDER**

On February 18, 2025 (Filing No. 32), the Court reversed in part the denial of plaintiff Amy Frederick's ("Frederick") applications for disability benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. § 401 *et seq.*, and for supplemental security income under Title XVI of the Act, 42 U.S.C. § 1381 *et seq.*, and remanded the matter for further administrative proceedings pursuant to sentence four of § 405(g).  When the parties stipulated (Filing No. 37) that Frederick was entitled to attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), the Court awarded reasonable fees in the amount of $8,300, subject to offset (Filing Nos. 39, 40).  *See Astrue v. Ratliff*, 560 U.S. 586, 589-90 (2010); 31 U.S.C. § 3716(c)(3)(B).

Now before the Court is a Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b) filed by David F. Chermol ("Chermol"), Frederick's counsel of record (Filing No. 41).  Chermol seeks attorney fees of $19,581.97, which he states is consistent with his fee agreement with Frederick (25% of her $78,327.90 in past-due benefits awarded under the Act) (Filing Nos. 41-1, 41-2).

Section 406(b) authorizes the Court to award reasonable attorney fees as part of a favorable judgment on a claim for disability benefits under the Act.  Any such fee award should not exceed "25 percent of the total of the past-due benefits to which the claimant is

entitled by reason of such judgment." *Id.* § 406(a). A fee award under § 406(b) generally precludes other fee awards for the same representation. *Id.* § 406(b).

Defendant Frank Bisignano, Commissioner of the Social Security Administration ("Commissioner"), states he "neither supports nor opposes" Chermol's request for attorney fees (Filing No. 42). Noting that Chermol is the real party in interest to the fee request, the Commissioner emphasizes that the Supreme Court has said the Commissioner "plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002). With that, he reiterates it is up to the Court to decide if the fee request is reasonable based on factors identified by the Supreme Court. *See id.* at 807-09; *Jones v. Berryhill*, 699 F. App'x 587, 588 (8th Cir. 2017) (unpublished per curiam) (remanding where the district court failed to do the review required by *Gisbrecht*).

In support of his fee request, Chermol provides a summary of the 43.6 hours spent litigating this case. Rather than refund the $8,300 in EAJA fees already awarded to Frederick, Chermol asks the Court to subtract that amount from the $19,581.97 requested and issue payment for $11,281.97. *See Gisbrecht*, 535 U.S. at 796 (discussing the reimbursement requirement); *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1272 (11th Cir. 2010) (concluding "the district court could have simply awarded [counsel] the difference between 25% of [the plaintiff's] past-due benefits and the amount of the EAJA fee"). The Commissioner again takes no position on that request.

Upon careful review, the Court finds Chermol's request for an attorney fee award of $19,581.97 under § 406(b) is fair and reasonable under the circumstances given Chermol's experience, the work he did, the contingent nature of the fee agreement in this case, and the results he obtained. *See Gisbrecht*, 535 U.S. at 807-08. The Court will also grant Chermol's request to reduce the § 406(b) fee award by the amount of the EAJA fee award and order that payment be made directly to him. *See Astrue*, 560 U.S. at 595 (citing 42 U.S.C. § 406(b)(1)(A)); 20 C.F.R. § 404.1720(b)(4). Accordingly,

2

IT IS ORDERED:

1.  Attorney David F. Chermol's Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b) (Filing No. 41) is granted.

2.  Chermol is awarded § 406(b) attorney fees in the amount of $19,581.97. To effectuate the EAJA refund in this case, payment of that award is reduced by the $8,300 EAJA fee previously awarded.

3.  The Social Security Administration shall send payment in the amount of $11,281.97 from plaintiff Amy Frederick's past-due benefits to Chermol at his address of record.

4.  A separate judgment will issue.

Dated this 19th day of March 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

3